FILED

2020 Sep-09  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARTHUR GRACIANETTE,

     Plaintiff,

                          CASE NO:

vs.

AFFINITY HOSPITAL, LLC.,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, ARTHUR GRACIANETTE, by and through the undersigned counsel, hereby files this Complaint and sues AFFINITY HOSPITAL, LLC hereby alleges as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. On Thursday, June 25, 2020, Plaintiff was treated in Defendant's emergency room at Grandview Hospital, located at 3690 Grandview Parkway, Birmingham, AL 35243.  On that date, Plaintiff was admitted to said hospital through Saturday, June 27, 2020, when Plaintiff was discharged.  During Plaintiff's

visit at Defendant's hospital, Defendant discriminated against him by failing and/or refusing to provide auxiliary aids and services to accommodate his disability, despite Plaintiff's repeated requests for effective communication.

2.      Lip-reading, the ability to understand the speech of another by watching the speaker's lips, does not provide effective communication for most deaf and hard of hearing individuals. In fact, the upper limits of estimates for lip-reading accuracy, in an ideal one-on-one situation, have been as low as 10% to 30% of correct words. This is because only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips. Even if a primary ASL user were able to determine the sounds appearing on a speaker's lips, he or she would still not necessarily understand the English language or the speaker's vocabulary, because many deaf individuals, including Plaintiff, have difficulty acquiring and communicating in English. Despite this, Defendant often forced Plaintiff to communicate in a medical setting using this unreliable and ineffective method, instead of properly accommodating his disability through qualified ASL interpreters.

3.      Video Remote Interpreting ("VRI") services are likewise not as effective as a live ASL interpreter, due to the small screen, and often suffer from technical difficulties that result in less than effective communication.

4.       Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure

effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's health care services. Plaintiff seeks injunctive relief, declaratory relief, compensatory damages, nominal damages, and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; and Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557").

## THE PARTIES

5.    Plaintiff ARTHUR GRACIANETTE (hereinafter referred to as "Gracianette or Plaintiff") brings this action and is an individual residing in Trussville, Alabama. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language, and he is substantially limited in the major life activities of hearing and speaking within the meaning of federal antidiscrimination laws.

6.    Defendant AFFINITY HOSPITAL, LLC, at all times hereinafter mentioned, is a limited liability company that has been licensed and doing business in Alabama.  AFFINITY HOSPITAL, LLC (hereinafter referred to as "AFFINITY or Defendant") owns, leases, and/or operates Grandview Medical Center, a hospital located at 3690 Grandview Parkway, Birmingham, AL 35243 (hereinafter referred

to as "Grandview").

7.     Grandview is a place of public accommodation under federal antidiscrimination laws and, upon information and belief, is a recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements, thus making Defendant subject to the requirements of Title III of the ADA, Section 504 of the Rehabilitation Act, and Section 1557 of the Patient Protection and Affordable Care Act.

## JURISDICTION & VENUE

8.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under federal law.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## STATEMENT OF FACTS

10.     ARTHUR GRACIANETTE is a profoundly deaf individual who communicates primarily through American Sign Language (ASL).

11.     On or about June 25, 2020, Plaintiff was treated in the emergency room of Grandview and was admitted to Grandview, where he remained until discharged on June 27, 2020.

12.     Upon arrival at Grandview's emergency room, Plaintiff requested a live

ASL interpreter.

13.    Plaintiff repeated requests for a live sign language interpreter no less than on seven (7) separate occasions during the course of his three-day hospital stay at Grandview; however, a live ASL interpreter was never provided.

14.    Throughout this admission no qualified sign language interpreters were ever provided to Plaintiff.

15.    Rather, Plaintiff was forced to rely on the interpreting skills of his 14-year-old son, who lacked the medical vocabulary necessary to effectively translate for Plaintiff and who was likewise traumatized by the ordeal.

16.    On several occasions, Defendant's staff attempted to utilize VRI to communicate with Plaintiff, but due to technical difficulties with the VRI equipment, Defendant was unable to communicate with Plaintiff except for one occasion during his hospital stay when VRI was operable.  For the vast majority of Plaintiff's hospitalization at Grandview, the VRI equipment was left in the hallway.

17.    Plaintiff found that an accurate history was not reflected on his discharge paperwork such that Plaintiff believes he was unable to effectively communicate his symptoms to Defendant's staff without a live ASL interpreter.

18.    Plaintiff did not understand his course of treatment, medication regimen or his discharge instructions due to the lack of effective communications.

## <u>CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT</u>

19.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

20.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq. has been in full force and effect and has applied to Defendant's conduct.

21.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to the Defendant's conduct.

22.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

23.     Defendant owns, leases, and/or operates a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(F).

24.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25.     Title III of the ADA further provides that "[i]t shall be discriminatory

to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

26.    Federal regulations implementing Title III of the ADA provide that a public "shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

27.    Federal regulations implementing Title III of the ADA further provide that a public entity "shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" 28 C.F.R. § 36.303(a).

28.    Defendant discriminated against Plaintiff, on the basis of disability, in violation of Title III of the ADA and its implementing regulations.

29.    As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf patients or companions.

30.    Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. §

12188(a)(1) and 42 U.S.C. § 12205.

## CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

31.    Plaintiff repeats and realleges paragraphs 1 through 18, above, in support of this claim.

32.    At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendant's conduct.

33.    At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to Defendant's conduct.

34.    At all times relevant to this action, Plaintiff had substantial limitations to the major life activities of hearing and speaking, and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

35.    At all times relevant to this action, Defendant has been a program, service or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b), in that Defendant receives Medicare and Medicaid payments.

36.    Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

37.    Defendant discriminated against Plaintiff, solely on the basis of disability, by denying him meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of 29 U.S.C. § 794.

38.    As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur again with Plaintiff and other Deaf patients and family members.

39.    Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

40.    Plaintiffs are further entitled to an award of attorneys' fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## CLAIM 3: VIOLATIONS OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

41.    Plaintiff repeats and realleges paragraphs 1 through 18 of this Complaint with the same force and effect as if more fully set forth at length herein.

42.     At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 USC § 18116 was in full force and effect and applied to the Defendant's conduct.

43.     At all times relevant to this action, Section 1557, 42 USC § 18116, incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

44.     At all times relevant to this action, Plaintiff had substantial limitations to the major life activity of hearing and speaking, and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and of Section 1557, 42 USC § 18116.

45.     At all times relevant to this action, Plaintiff's primary language for communication was American Sign Language and not English; and Plaintiff had limited ability to read, write, speak, or understand English, and was an individual with limited English proficiency within the meaning of Section 1557, 45 C.F.R. § 92.4.

46.     At all times relevant to this action, Defendant received federal financial assistance, including Medicare and Medicaid reimbursements, and were principally engaged in the business of providing health care. Therefore, Defendant is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

47.     Pursuant to Section 1557, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance . . ." 42 USC § 18116.

48.     Defendant has discriminated against Plaintiff solely on the basis of his disability and his limited English proficiency by denying him meaningful access to the services, programs, and benefits Defendant offers to other individuals by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1157, 42 U.S.C. § 18116.

49.     Defendant discriminated against Plaintiff by failing to ensure effective communication through the providing of qualified sign language interpreters on-site and/or through VRI machines that worked.

50.     On information and belief, the refusal to offer on-site ASL interpreter services is as a result of a policy or practice of Defendant to prohibit or impede the use of on-site qualified sign language interpreters without regard to whether VRI services will provide effective communication.

51.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur again with Plaintiff or other Deaf patients and family members.

52.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

53.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a), the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant:

A.  Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiffs to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 1557 of the Patient Protection and Affordable Care Act, and Section 504 of the Rehabilitation Act;

B.  Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals' meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

C.  Order Defendant:

i.    to develop, implement, promulgate, and comply with a policy

prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

ii.   to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an onsite interpreter for effective communication, one will be provided as soon as practicable in all services offered by;

iii.   To develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendant will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

iv.   to develop, implement, promulgate, and comply with a policy to ensure, in the event the Defendant utilizes a Video Remote Interpreting System ("VRI"), that such system has a high-speed Internet connection; a video screen with appropriate size, position, capture angle, focus, and proximity to the deaf individual; and appropriate audio quality. When possible, the equipment should be

13

portable and made available to the patient where the patient is located, preferably in a private room to minimize distractions and maintain confidentiality;

v.   to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing patients are able to communicate through the most appropriate method under the circumstances, recognizing that the VRI is not appropriate in all medical situations;

vi.   to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

vii.   to train all employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, Rehabilitation Act, and the ACA;

viii.   to train all employees, staff, and other agents on a regular basis about Defendant's policies regarding how to properly use VRI services (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain interpreters when reasonably requested by deaf or hard of hearing patients;

D.   Award to Plaintiff:

   i.    Compensatory damages pursuant to Section 1557 of the Patient Protection and Affordable Care Act, and Section 504 of the Rehabilitation Act;

   ii.    Reasonable costs and attorneys' fees pursuant to the ADA, Section 1557 of the Patient Protection and Affordable Care Act, and Section 504 of the Rehabilitation Act;

   iii.    Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   iv.    Any and all other relief that this Court finds necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated this the 9th day of September, 2020.

Respectfully Submitted,

*/s/ Edward I. Zwilling*
Edward I. Zwilling
Alabama Bar No.: ASB-1564-L54E

**<u>OF COUNSEL</u>**:

Law Office of Edward I. Zwilling, LLC

4000 Eagle Point Corporate Drive

Birmingham, Alabama 35242

Telephone:  (205) 822-2701

Email:       edwardzwilling@zwillinglaw.com